UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS PADO,

                                   Plaintiff,

        v.                                           3:02-cv-1597

DELAWARE & HUDSON RAILWAY COMPANY,
INC. d/b/a CP RAIL SYSTEM,

                                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

## I.        INTRODUCTION

Plaintiff Thomas Pado commenced the instant action pursuant to the Federal

Employers' Liability Act, 45 U.S.C. § 51, et. seq., claiming that he was injured as the result of

the negligence of this employer, Defendant Delaware & Hudson Railway Company, Inc.  This

matter was tried before the Court beginning on November 29, 2004 and concluding on

December 2, 2004.  At that time, the jury entered a verdict in favor of Defendant.  Plaintiff

now moves for a new trial on the grounds that: (1) the Court improperly excluded certain

photographs that depicted the overall condition of the rail yard at time of Plaintiff's injury; and

(2) the Court failed to give the jury an explicit instruction concerning the Defendant's

obligation to provide safe walkways.

## II.      FACTS

Plaintiff contends that, on July 3, 2001, before sunrise, he was working on a

knuckle of a freight car when he began to walk out of the gauge of track 12, stepped on a

piece of debris, and fell, causing him to sustain certain injuries.  Defendant denies that any

debris caused Plaintiff to fall.

## III.      STANDARD OF REVIEW

The Second Circuit has explained the relevant standard of review as follows:

> As a general matter, a motion for a new trial should be granted when, in
> the opinion of the district court, the jury has reached a seriously
> erroneous result or the verdict is a miscarriage of justice.  A new trial may
> be granted, therefore, when the jury's verdict is against the weight of the
> evidence.  The standards governing a district court's consideration of a
> Rule 59 motion for a new trial on the grounds that the verdict was against
> the weight of the evidence differs in two significant ways from the
> standards governing a Rule 50 motion for judgment as a matter of law.
> Unlike judgment as a matter of law, a new trial may be granted even if
> there is substantial evidence supporting the jury's verdict.  Moreover, a
> trial judge is free to weigh the evidence himself, and need not view it in
> the light most favorable to the verdict winner.  A court considering a Rule
> 59 motion for a new trial must bear in mind, however, that the court
> should only grant such a motion when the jury's verdict is egregious.
> Accordingly, a court should rarely disturb a jury's evaluation of a witness's
> credibility.

DLC Mgmnt. Corp. v. Town of Hyde Park, 163 F.3d 124, 133-34 (2d Cir. 1998) (internal

quotations, citations and alterations omitted).

## IV.      DISCUSSION

Plaintiff first contends that he is entitled to a new trial because the Court

erroneously excluded certain photographs showing the general condition of the rail yard.

Plaintiff argues that "the Court by its evidentiary rulings precluded the fact finder from making

a determination of negligence on failure to inspect, failure to repair, failure to warn, failure to act, since it simply did not have a clear and fair understanding of the overall condition of the yard." Pl.'s Mem. of Law at 14.

There was ample testimony at trial concerning the general condition of the rail yard. From this testimony, the jury easily could have concluded that the entire rail yard was in disarray. Additional evidence in the form of pictures was not necessary to make this point. In any event, numerous pictures depicting the condition of track 12 (where the injury was alleged to have been sustained) were admitted into evidence. Any additional pictures would have been cumulative. More importantly, the photographs were not otherwise relevant. As explained at trial, the witnesses through whom Plaintiff sought to admit the photographs were unable to identify what tracks were depicted in most of the pictures. To the extent a witness could identify a particular track, he could not identify what part of the nearly ½ mile track was depicted in the picture.[1] None of the proffered pictures purported to show the actual piece of debris on which Plaintiff is alleged to have tripped. Debris on the south end of track 11, for example, is not relevant to whether Plaintiff tripped over a piece of debris on the north end of track 12. Stated otherwise, the photographs offered into evidence of unknown locations on unknown tracks and some of which where taken a month or more after the accident could not assist the trier of fact in determining whether Plaintiff tripped over a piece of pipe on track 12 on July 3, 2001. The issue for trial was not whether Defendant kept an unkempt rail yard, but whether an unkempt rail yard was a proximate cause of Plaintiff's injury. As such, Plaintiff

---

[1] The Court admitted into evidence those pictures that the witness could identify as depicting the proper area of track 12.

had to convince the jury that the cause of his injury was a piece of debris in the area in which he was working - track 12.

Plaintiff next contends that the Court failed to specifically instruct the jury concerning Defendant's duty to provide a safe walkway.  Plaintiff argues that the failure to single out Defendant's duty to provide a safe walkway rendered the charge confusing and incomplete.  Indeed, the Court declined to narrow the instruction to include walkways. Instead, the Court gave a general instruction stating that:

> The [FELA] imposed on the defendant railroad a duty to the plaintiff, and to all its employees, to exercise reasonable care to provide him with a reasonably safe place in which to work, reasonably safe conditions in which to work and reasonably safe tools and equipment.  This duty includes the responsibility to inspect the premises where the railroad's employees will be working and their equipment and to take reasonable precaution to protect its employees from possible danger.  This duty applies to premises owned by the railroad. . . .

This charge is broad enough to include walkways and is neither confusing nor incomplete. The charge informs the jury that the Defendant had a duty concerning all areas owned by the railroad and all areas in which employees must work.  This necessarily includes walkways. The jury was amply notified during the course of trial of Plaintiff's belief that Defendant's negligence stemmed from the failure to provide a safe walkway.  The Court does not, therefore, find the charge to have been confusing or incomplete.

**V.      CONCLUSION**

For the foregoing reasons, Plaintiff's motion for a new trial is DENIED.

IT IS SO ORDERED.

Dated:April 8,2005

Thomas J. McAvoy
Senior, U.S. District Judge